United States District Court
Southern District of Texas
**ENTERED**
April 11, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRYSTAL THEILER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-00924 |
| | § | |
| UNITED FINANCIAL CASUALTY | § | |
| COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

Pending before the Court is the defendant's, Atlantic Specialty Insurance Company ("Atlantic"), motion to dismiss (Dkt. No. 23). The plaintiff, Krystal Theiler, has filed a response (Dkt. No. 25), the defendant has filed a reply (Dkt. No. 26), the plaintiff has filed a sur-reply and an amended response (Dkt. Nos. 28 & 30), and the defendant has filed a reply to the amended response (Dkt. No. 31). After reviewing the motions, the responses, the pleadings, the relevant exhibits, and the applicable law, the Court determines that the defendant's motion should be **DENIED**.

### II.  FACTUAL BACKGROUND

This is an insurance dispute. On December 11, 2020, the plaintiff, a Texas resident, was driving in Texas for a rideshare service when she suffered injuries in an automobile accident. At the time, the plaintiff was an insured person under an insurance policy between Atlantic, a New York corporation, and On-Demand

Companies' Group Insurance Trust, a Delaware corporation. Atlantic has not paid the plaintiff under the policy.

## III.   CONTENTIONS OF THE PARTIES

Preliminarily, Atlantic argues that Delaware law governs this dispute, as agreed in the insurance contract. Substantively, Atlantic asserts that it has not paid the plaintiff because she has not properly submitted her claim. Atlantic argues that the plaintiff failed to satisfy the policy's conditions precedent to Atlantic's performance by: notifying Atlantic of the accident via a phone call nearly a year after the accident; refusing to cooperate with Atlantic's claim investigations, and ultimately suing less than 90 days after Atlantic asked for written proof of loss via the claim form, and less than 60 days after Atlantic received the claim form. Atlantic argues that the plaintiff's "detailed written report of the claim and extent of the loss" does not satisfy the policy's proof of loss requirement, because a claim form must be submitted unless Atlantic fails to send one within 15 days of being notified of the accident. Because the plaintiff's amended petition does not allege that she submitted the claim form at all, and the contract bars suit until 60 days after submitting a claim form, Atlantic argues that the plaintiff has not presented a justiciable controversy.

The plaintiff responds that the Texas Insurance Code requires that Texas law govern the dispute. Substantively, she argues that a justiciable controversy exists because she has asserted a ripe issue involving rights to medical benefits from Atlantic, which has a real and adverse interest in contesting the claim. In the plaintiff's amended petition, she alleges that she sent the plaintiff a "detailed written

report of the claim and the extent of the loss." In her amended response to the motion to dismiss, the plaintiff alleges that after notifying Atlantic of the accident on some unknown date, Atlantic sent her several forms, "including a Proof-of-Loss form or its equivalent," around the first week of December 2021. She alleges that she signed and returned them on December 8, 2021, before filing suit on February 17, 2022, more than 60 days later. The plaintiff argues that because Atlantic concedes it does not claim to have been prejudiced by the plaintiff's failure to timely notice, Atlantic cannot forfeit the plaintiff's rights under the policy. Finally, the plaintiff argues that it was not reasonably possible for her to furnish a proof of loss sooner than she did.

## IV.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding standards of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court's review is limited to the allegations in the complaint and any documents attached to a defendant's motion to

dismiss if they are both referred to in the complaint and central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

## V.   ANALYSIS & DISCUSSION

### A.  Choice of Law

"In diversity cases, a federal court must apply federal procedural rules and the substantive law of the forum state, including its conflict-of-law rules." *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 510 (5th Cir. 2007).

The Texas Insurance Code includes a conflict-of-law provision stating:

> Any contract of insurance payable to any citizen or inhabitant of this State by any insurance company or corporation doing business within this State shall be held to be a contract made and entered into under and by virtue of the laws of this State relating to insurance, and governed thereby, notwithstanding such policy or contract of insurance may provide that the contract was executed and the premiums and policy (in case it becomes a demand) should be payable without this State, or at the home office of the company or corporation issuing the same.

Tex. Ins. Code Ann. Art. 21.42 (West).

The Texas Supreme Court has interpreted this provision narrowly. Specifically, "[t]he Texas Court read article 21.42 as designed only to assure that Texas law will apply to contracts made between Texas citizens and insurance companies doing business in Texas, *when and only when* those contracts are made in the course of the company's Texas business." *Howell v. Am. Live Stock Ins. Co.*, 483 F.2d 1354, 1359 (5th Cir. 1973) (citing *Austin Bldg. Co. v. Nat'l Union Fire Ins. Co.*, 432 S.W.2d 697, 701 (Tex. 1968)). The Texas Supreme Court clarified that article 21.42 cannot:

"... be given extraterritorial effect so as to apply to a policy or bond written or executed by a foreign insurer in another state, even though the insured was a citizen or resident of the state which had adopted the statute in question, and even though the foreign insurer also did other business within that state."

*Austin Bldg. Co.*, 432 S.W.2d 697, 701 (Tex. 1968) (quoting 2 Couch on

Insurance § 16:20 at 31 (1959)).

The question, then, is whether the insurance policy *itself* was "made in the course of the company's Texas business." *Howell*, 483 F2d at 1359. It is not enough that Atlantic or Intact does business in Texas generally. The policy holder of the insurance contract is On-Demand Companies' Group Insurance Trust of Wilmington, Delaware. Therefore, Atlantic, a New York insurer, contracted with On-Demand, a Delaware corporation. The fact that the latter designated some Texas residents as payees does not make this an instance of Atlantic's "Texas business." Accordingly, article 21.42 of Texas's Insurance Code does not apply, and the Court defers to the manifest interest of the parties. Because the insurance contract states that "[t]his policy is governed by the laws of the state of Delaware," the Court applies Delaware substantive law.

### B. Notice and Condition Precedent

Under Delaware law, an insurer must show that the plaintiff's lack of notice prejudiced the insurer. "There can be no doubt that the purpose of a notice provision is to protect an insurance company from any prejudice resulting from an inordinate lapse of time between an accident and the company's awareness thereof. The question of prejudice is, therefore, paramount." *State Farm Mutual*

*Automobile Ins. Co. v. Johnson*, 320 A.2d 345 (Del. 1974). *See Fansler v. N. Am. Title Ins. Co.,* C.A. No.: N17C-09-015 EMD, 2020 BL 184568 at *5 (Del. Super. Ct. May 18, 2020) ("Without prejudice, however, the Court will not declare a forfeiture of the insured's right to coverage.").

As in *State Farm*, what this case is about is "in reality a possible forfeiture . . . 'Although the policy may speak of the notice provision in terms of 'condition precedent,' . . . nonetheless what is involved is a forfeiture, for the carrier seeks, on account of a breach of that provision, to deny the insured the very thing paid for.'" *State Farm*, 320 A.2d at 347 (quoting *Cooper v. Government Employees Ins. Co.*, 51 N.J. 86, 237 A.2d 870, 873 (1968)).

While the plaintiff's first amended petition does not allege that she submitted a claim form, it does allege that she submitted a "detailed written report of the claim." Section VIII of the insurance policy states that "[i]f the claimant does not receive the forms in fifteen (15) days after submitting notice, he or she can send [u]s a detailed written report of the claim . . . We will accept this report as a Proof of Loss if sent within the time fixed below for filing a Proof of Loss."[1] Reading on, "[w]ritten Proof of Loss, acceptable to Us, must be sent within ninety (90) days of the date of the loss." The defendant does not deny that the plaintiff submitted a "detailed written report of the claim." Nor does the defendant allege that it was prejudiced by any delay.

---

[1] The Court may consider the insurance policy because it is included with the defendant's motion to dismiss and is both referenced by the plaintiff's complaint and central to her claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

The plaintiff's amended response also alleges that she signed and submitted a claim form on December 8, 2021. The defendant's reply insists that the claim form was never sent to the defendant, and that its feature in the plaintiff's amended response is the first the defendant has heard of it.

Generally, the Court will allow a plaintiff to replead to overcome pleading deficiencies, unless such repleading is futile. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) ("[A] court ordinarily should not dismiss the complaint except after affording every opportunity for the plaintiff to state a claim upon which relief can be granted."). Here, the plaintiff has requested the opportunity to replead, and indeed attempted to previously without the Court's permission. Due to the confusion regarding the claim form submission, the Court determines that justice requires permitting the plaintiff to replead in order to clarify whether and when it sent Atlantic both its "detailed written report" and the claim form. The plaintiff shall have 30 days to file her amended petition. Should she do so, the defendant shall respond within 14 days of the repleading.

## VI.    CONCLUSION

Accordingly, the defendant's motion to dismiss is **DENIED**.

It is so **ORDERED**.

SIGNED on April 10, 2023, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge